IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL NELSON, #13081393,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:14-CV-2688-N-BK |
| | § | |
| DALLAS CITY MANAGER,<br>    Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Dallas County inmate, filed a *pro se* letter complaint, which was referred to the Magistrate Judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

On August 6, 2014, the Court issued a deficiency order requiring Plaintiff to submit a complaint on the court approved form along with a motion to proceed in forma pauperis or the $400 filing fee. [Doc. 5]. The deadline for Plaintiff's response was September 3, 2014. However, on August 28, 2014, the deficiency order was returned to the Court as "RETURN TO SENDER NOT IN DALLAS COUNTY JAIL." (Doc. 7). As of the date of this recommendation Plaintiff has failed to apprise the Court of his new address.

**II. ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has had ample opportunity to notify the Court of his new address but failed to do so. The *New Case Notes*, Doc. 3, and *Court Instructions to a Prisoner Pro Se Party*, Doc. 4, mailed within a week of the date of Plaintiff's complaint, were also returned as undeliverable. Doc. 5. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED September 8, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a proper complaint, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE